IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAQUEZ CORBITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-CV-955-RAH |
| | ) | [WO] |
| SHERIFF DONALD VALENZA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

Jaquez Corbitt, an inmate incarcerated at the Houston County Jail, brings this 42 U.S.C. § 1983 action against Sheriff Donald Valenza, Major Raffany, Captain James Brazier, Commissioner Morris, the Houston County Jail, and the Houston County Courts. Corbitt seeks to challenge conditions of confinement at the jail and violations by state court officials regarding the rights of pre-trial detainees.  Corbitt requests damages and "make (Houston County Jail) better." Upon review, the court concludes the claims presented by Corbitt against the Houston County Jail, Commissioner Morris, and the Houston County Courts are subject to dismissal under § 1915A(b)(1).

## II.   STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or

which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). The court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where the defendants are immune from suit, *id.* at 327, the claim seeks to enforce a right that clearly does not exist, *id.*, or an affirmative defense—such as the statute of limitations—would defeat the claim. *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content

that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

### III. DISMISSAL OF DEFENDANTS

**A.   Houston County Jail**

Corbitt names the Houston County Jail as a defendant. The law is settled that a county sheriff's department "is not a legal entity and, therefore, is not subject to suit or liability under section 1983."  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).   It therefore follows that a building or structure utilized by a sheriff's department is not a legal entity subject to suit.  Because the Houston County Jail is not a legal entity subject to suit, it is due to be dismissed as a defendant  under 28 U.S.C. § 1915A(b)(1).

**B.   Commissioner Morris**

Corbitt names Houston County Commissioner Morris as a defendant.  Neither the Houston County Commission nor its individual members are liable for monetary damages for claims arising from the appropriation of funds for the maintenance and operation of a county jail. *See Woods v.*

*Gamel*, 132 F.3d 1417, 1420 (11th Cir. 1998) (holding Alabama county commissioners are entitled to absolute legislative immunity).  Neither the county commission nor its individual members are responsible for the day-to-day operation of the Houston County Jail.  *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Under Alabama law, "an Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Id.* at 1288. "Alabama counties have no duties with respect to the daily operation of the county jails and no authority to dictate how the jails are run." *Id.* at 1291. "Alabama counties [also] are not liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 789 (1997). Accordingly, Corbitt's complaint against Commissioner Morris is subject to summary dismissal under 28 U.S.C. § 1915A(b)(1).

## C.    Houston County Courts

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Defendant "Houston County Courts" is not a person for § 1983 purposes, Corbitt's claims against this defendant are due to be dismissed.[1] *Moity v. Louisiana State Bar Ass'n,* 414 F. Supp. 180, 183 (E. D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976).

---

[1]  In Ground Two of the amended complaint, Corbitt seeks to challenge "violations by Houston County officials "(Judge, Attorneys, D.A.)" regarding pre-trial matters. Doc. 8 at 3. To the extent Corbitt's complaint against Defendant "Houston County Courts" encompasses the actions of these state court officials, the court notes they  are typically immune from suit under § 1983. *See Forrester v. White*, 484 U. S. 219, 227-229 (1988) (holding that a state judge is absolutely immune from civil liability in § 1983 actions for acts taken pursuant to his judicial authority);  *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (holding that "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Mills v. Criminal District Court No.* 3, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").

**VI. CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Houston County Jail, Commissioner Morris, and the Houston County Courts be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915A(1)(b);

2.  The Houston County Jail, Commissioner Morris, and the Houston County Courts be DISMISSED as defendants.

3.  This case regarding Plaintiff's claims against Defendants Valenza, Raffany, and Brazier be referred to the undersigned for further proceedings.

It is

ORDERED that **on or before February 19, 2020**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Corbitt*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this  5th day of February 2020.

    /s/    Charles S. Coody
UNITED STATES MAGISTRATE JUDGE